UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDINGTON & BERAULT, APMC AND BLAKE C. LANDRY, M.D., APMC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2837** |
| **BETSY DANNER GOBUZZI AND ANTHONY J. GOBUZZI** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Judgment as Final Under Federal Rule of Civil Procedure 54(b) (Doc. #20) is **GRANTED**, and this court's August 13, 2015, Order and Reasons (Doc. #17) granting plaintiffs' motion for partial summary judgment is certified as a final judgment.

### BACKGROUND

This matter is before the court on Plaintiffs' Motion to Certify Judgment as Final Under Federal Rule of Civil Procedure 54(b). Plaintiffs, Eddington & Berault, APMC, and Blake C. Landry, M.D., APMC, professional medical corporations, move the court to certify its August 13, 2015, Order and Reasons (Doc. #17) granting plaintiffs' motion for partial summary judgment as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

Defendant, Betsy Danner Gobuzzi, was the manager of plaintiffs' office in Slidell, Louisiana. On December 14, 2014, plaintiffs filed this civil action against Betsy Gobuzzi and her husband, Anthony J. Gobuzzi, alleging that Gobuzzi is liable for fraud and conversion, and that she and Anthony Gobuzzi conspired to violate the Louisiana Racketeering Act, Louisiana Revised Statutes § 15:1353. Specifically, plaintiffs allege that in March 2012, Gobuzzi started "inflating the number of hours she worked in varying amounts for each pay period, causing E&B's accountant to issue

payroll checks to her in excess of the amount of compensation or pay she was entitled to receive[,]" and that Gobuzzi's payroll theft amounted to $30,920.13. Plaintiffs also allege that, from June 2008 onward, Gobuzzi stole $159,853.42 in cash by failing to deposit the medical practices' cash payments into Eddington & Berault's bank accounts. Further, plaintiffs allege that, beginning in January 2012, Gobuzzi committed check fraud by overpaying herself a total of $22,574.00 for automobile allowances and for laundry services she never performed. In sum, plaintiffs allege that Gobuzzi "embezzled, stole, and/or converted approximately $213,320.55 of plaintiffs' money" for her personal use from 2008 until her termination in 2014. Plaintiffs further allege that, to date, Gobuzzi has not reimbursed plaintiffs for any of the stolen money.

Plaintiffs filed a motion seeking partial summary judgment on their fraud and conversion claims against Gobuzzi. In support of their motion, plaintiffs filed affidavits of Jeanne S. Duhé, CPA, Eddington & Berault's outside accountant, and Dr. Robert Eddington, a director of Eddington & Berault and Gobuzzi's direct supervisor. Duhé and Dr. Eddington attested to the facts of Gobuzzi's theft and explained the thousands of pages of documentation submitted as evidence. Gobuzzi did not submit any evidence to controvert the affidavits.

The court granted plaintiffs' motion for partial summary judgment and found that Gobuzzi committed fraud and conversion by payroll fraud, stealing cash payment, and check fraud. The court awarded plaintiffs $211,529.80, plus judicial interest and costs. Plaintiffs's racketeering claims against Gobuzzi and Anthony Gobuzzi are unresolved.

On September 2, 2015, plaintiffs filed the instant motion seeking an order certifying as a final judgment this court's August 13, 2015, Order and Reasons granting their motion for partial summary judgment. Plaintiffs argue that such certification is appropriate because the Order and

Reasons decided claims that are distinct from the racketeering claims, and that "if this Court certifies [the Order and Reasons] as final, Plaintiffs will probably forego pursuing their remaining claims against Mr. Gobuzzi individually and for Defendants' violation of the Louisiana Racketeering Act to instead attempt to collect the substantial Judgment this Court has already awarded them."

## ANALYSIS

Rule 54(b) provides, in pertinent part:

> when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." PYCA Industries, Inc. v. Harrison County Waste Water, 81 F.3d 1412, 1421 (5th Cir.1996). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. The threshold inquiry for the court is whether "there is no just reason for delay," a determining that is within the sound discretion of the district court. See Ackerman v. FDIC, 973 F.2d 1221, 1224 (5th Cir. 1992). In deciding whether there is no just reason for delay, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." Road Sprinkler Fitters Local Union v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir.1992) (citation omitted).

This court finds that there is no just reason for delaying entry of a final judgment of the court's August 13, 2015, Order and Reasons (Doc. #17) granting plaintiffs' motion for partial summary judgment on its fraud and conversion claims against Gobuzzi. Those claims are distinct

form the racketeering claims against Gobuzzi and Anthony Gobuzzi. Further, this certification may expedite the conclusion of this litigation, because plaintiffs have indicated that they may forego pursuing their racketeering claims. Thus, plaintiffs' motion for entry of judgment is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Judgment as Final Under Federal Rule of Civil Procedure 54(b) (Doc. #20) is **GRANTED**, and this court's August 13, 2015, Order and Reasons (Doc. #17) granting plaintiffs' motion for partial summary judgment is certified as a final judgment.

New Orleans, Louisiana, this __16th__ day of September, 2015.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**